# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL T. TREADWELL,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | CASE NO. 05-CR-1570 W<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br>**[DOC. 557]** |

Petitioner Randall T. Treadwell ("Petitioner"), a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (*See Mot. to Vacate* [Doc. 557].) The United States of America ("Respondent") opposes. (*See Opp'n* [Doc. 559].)

The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d)(1). For the reasons discussed below, the Court **DENIES** Petitioner's motion.

//
//
//
//

# I. BACKGROUND

On September 8, 2005 a federal grand jury indicted Petitioner on one count of conspiracy to commit wire fraud under 18 U.S.C. § 371 and four counts of wire fraud under 18 U.S.C. § 134. (*Opp'n Ex. 1-12* [Doc. 559-2] at 2-11.) The indictment alleged that Petitioner was involved in a massive Ponzi scheme that ultimately defrauded 1700 investors of more than $40 million. (*Id.*)

On May 20, 2008, Petitioner's jury trial commenced in this Court. (*Opp'n Ex. 1-12* at 13.) On June 17, 2009, the jury found Petitioner guilty of all counts. (*Id.* at 15.) Petitioner was sentenced to 60 months in custody for one count of violating 18 U.S.C. § 371, and 240 months in custody for four counts of violating 18 U.S.C. § 1343. (*Id.* at 33.) Petitioner's sentences run consecutively. (*Id.* 34.)

Petitioner appealed the sentence, contending that this Court made procedural and substantive errors under 18 U.S.C. § 3553(a). Treadwell v. United States, 593 F.3d 990, 992 (9th Cir. 2010). On January 28, 2010, the Ninth Circuit affirmed Petitioner's sentence in all respects, id. at 1018, and on October 12, 2010, the Supreme Court denied Petitioner's petition for a writ of certiorari. Treadwell v. United States, — U.S. —, 131 S. Ct. 488, 178 L.Ed.2d 309 (2010).

On October 20, 2011, Petitioner moved to vacate, set side, or correct his sentence under 28 U.S.C. § 2255.

# II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more

convenient jurisdiction of the sentencing court. See <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See <u>United States v. Addonizio</u>, 442 U.S. 178, 184-85 (1979). But this remedy does not encompass all claimed errors in conviction and sentencing. <u>Id</u>. at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." <u>Hamilton v. United States</u>, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting <u>United States v. Timmreck</u>, 441 U.S. 780, 783-84 (1979)).

### III. DISCUSSION

#### A. **Constitutionality of Procedures for Determining a Criminal Sentence**

Petitioner argues that his sentence was enhanced by unconstitutional methods. (*Mot. to Vacate* at 7.) Respondent contends that Petitioner's § 2255 claims are inappropriate since they were already decided in Petitioner's direct appeal. (*Opp'n* 5.) The Court finds that Petitioner's claims lack merit.

A federal prisoner seeking post-conviction relief by filing a § 2255 motion to vacate, set aside, or correct his sentence must allege one of three bases for his motion: (1) an error of constitutional magnitude; (2) a sentence that was imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. See <u>United States v. Addonizio</u>, 442 U.S. 178, 185-86 (1979). However, a prisoner does not have an unlimited ability to raise a § 2255 challenge; claims already raised on direct appeal cannot serve as the basis for a § 2255 motion. <u>United States v. Redd</u>, 729 F.2d 699, 701 (9th Cir. 1985); see also <u>Winthrow v. Williams</u>, 507 U.S. 680, 721 (1993) (Scalia, J. concurring) ("Thus a prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim. If

the claim was raised and rejected on direct review, the habeas court will not adjudicate it absent countervailing equitable considerations."). Moreover, a petitioner may not use a § 2255 motion to challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding. United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996).

Petitioner claims that his motion does not raise issues from his direct appeal. (*Reply* [Doc 574] at 1.) However, the issues Petitioner challenges–the Ninth Circuit's definitions of "on behalf of" and "scheme to defraud," as well as the Circuit's use of a preponderance of evidence standard–were clearly decided on direct appeal. (*Id.* at 2.) By challenging the Ninth Circuit's statutory interpretation and application, Petitioner necessarily re-challenges issues the appellate court already considered and decided. Moreover, in attempting to raise issues already decided by the Ninth Circuit, Petitioner endeavors to use this Court as an appellate court to review the Ninth Circuit's analysis. This is plainly impermissible, as this Court is not empowered to review the Ninth Circuit's legal interpretation. Petitioner's argument that the Ninth Circuit erred in affirming this Court's sentence is an issue that should have been included in his petition for writ of certiorari to the Supreme Court. Since Petitioner's § 2255 motion is little more than a revival of issues decided on his direct appeal, this Court finds that this ground of Petitioner's motion lacks merit.

### B. Ineffective Counsel

Petitioner also argues that he is entitled to vacate, set aside, or correct his sentence due to ineffective counsel. (*Mot. to Vacate* at 8.) Respondents contend that Petitioner fails to establish the elements of an ineffective-assistance-of-counsel claim. (*Opp'n* at 6.)

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction. First, petitioner must show that counsel's

performance was deficient. Id. at 687. In order to prove deficient performance, petitioner must demonstrate that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In other words, petitioner must demonstrate that counsel's representation fell below an *objective* standard of reasonableness, considering all the circumstances presented in a particular case. Id. at 688. The Supreme Court further elaborated that there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id. at 699.

The second prong of the Strickland test requires petitioner to prove that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In order to prove prejudice, petitioner must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. Id. Otherwise stated, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's defective assistance, the result of the proceeding would have been different. Id. at 694.

Petitioner argues that his counsel's defense theories were flawed and demonstrated a misunderstanding of the law. (*Mot. to Vacate* at 8-9; *Reply* at 4.) Specifically, Petitioner claims that his counsel's failure to (1) object to the jury instruction on wire fraud, (2) call witnesses to corroborate Petitioner's belief in the viability of the fraudulent investments, and (3) portray Petitioner as a mentally-ill victim of a larger fraudulent scheme evidences his counsel's deficient performance. (*Id.* at 8-10.) However, the Court is persuaded by Respondent's argument that none of these claims demonstrate that Petitioner's representation fell below an objective standard of reasonableness. Moreover, Petitioner fails to prove that there is a high probability that the result of his proceedings would have been different even if his counsel did not commit such "failures."

Since Petitioner is unable to overcome the strong presumption that his counsel provided reasonable and professional assistance, the Court finds this argument lacks merit.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's § 2255 motion to vacate, set aside, or correct his sentence. [Doc. 557.]

**IT IS SO ORDERED**.

DATED: July 19, 2013

_____
Hon. Thomas J. Whelan
United States District Judge